(134 So. 13)

### LIPSCOMB v. PARTRICK et al.

### PARTRICK et al. v. LIPSCOMB.

8 Div. 254, 254-A.

Supreme Court of Alabama.
April 16, 1931.

A. A. Williams, of Florence, and A. H. Carmichael, of Tuscumbia, for appellant Lipscomb.

W. H. Mitchell, of Florence, for appellees Partrick and others.

BOULDIN, J.

The bill is to enjoin the obstruction of an alleyway between adjoining lot owners in the city of Florence.

In 1904 Misses Hattie and Fannie Lipscomb, being the owners of the south part of lot 16 and all of lot 15, according to an ancient "plan" or map of the city made by Cypress Land Company, executed to M. M. Morrison a deed to the south portion of their holdings, by the following description: "Part of lot No. 15 in the Plan of the City of Florence, Ala., known as part of the Spaulding Lot, which is particularly described thus: bounded on the East by Seminary Street, on the South by Tombigbee Street, on the West by an alley and on the North by a 10-foot alley, opened by the parties hereto, each giving 5 feet, and said line on the North extends to the center line of said 10-foot alley; the lands conveyed front about 120 feet on Seminary Street and the alley on the West and about 156 feet 9 inches on Tombigbee Street and the alley on the North."

Without debate, the parties by this conveyance created an alley 10 feet wide, the grantors conveying an easement in favor of the grantee on a 5-foot strip of the parcel retained, and reserving an easement in a five-foot strip of the parcel conveyed. Primarily, it may be assumed this alley was for the common benefit of the adjoining owners. That it was intended as a public alley is matter of implication from the fact that it was declared "opened" and connected with a public street at the east end and a public alley at the west end.

The controversy is as to the true location of this alley. Complainants succeed by mesne conveyances to the Morrison property, and respondent by devise succeeds to the property north of the alley.

Complainants claim the alley is a ten-foot strip running along and immediately south of a fence, extending the entire distance from Seminary street on the east to the north and south alley on the west.

Without serious controversy this fence was erected while the Lipscomb sisters owned all the property, was located for their convenience separating their residence property from their vacant lot on the south, was there when the Morrison deed was made, and has been maintained and repaired, if not rebuilt, on the same location ever since.

It is further without dispute that, following the dimensions of lot 15 shown on the old "plan" of the city, the alley is located immediately south of this fence; that 120 feet measured north from Tombigbee street as originally laid out would locate the north boundary of the Morrison property, the center line of the alley, 5 feet south of the fence.

But again without dispute the city of Florence narrowed Tombigbee street, thus moving the north line of the street 9½ feet south of the original layout. This had been done before the Morrison deed was made and indeed before the Lipscomb sisters acquired the property; hence respondent insists the alley in question is located 9½ feet south of the location claimed by complainants.

Respondent's insistence is based mainly on a construction of the Morrison deed, and proceeds thus: The deed shows the lot conveyed is bounded on three sides by streets and alleys; this means the streets and alley open and visible at the time; the only data locating the alley is "about 120 feet" north of Tombigbee street as it now exists; and such dimension, being the only data, must be taken as of the essence of the description, and "about 120" feet must mean "120 feet," not materially more nor less.

We are not impressed that such must be the construction of the deed as matter of law

so as to exclude parol evidence of facts and circumstances disclosing the real intent.

Looking first at the deed itself, it discloses that the "plan" of the city is looked to for the number of the lot. This "plan," as disclosed in the deed held by the Lipscomb sisters, means the "plan" of Cypress Land Company. "Plan" is the term used to designate this layout in these and many other conveyances in the record; and this layout or plot showed the original dimensions of lot 15.

Again the Morrison deed gives the east and west dimension, the frontage south on Tombigbee street, running from Seminary street on the east to north and south alley on the west as "about 156 feet and 9 inches."

But the city had also narrowed Seminary street, and so extended lot 15 on its south frontage eastward 12 feet and 9 inches, making the east and west dimension of the lot as it stood when the deed was made 269 feet 6 inches.

It can hardly be assumed the draftsman of the deed followed the original plan, ignoring the existing street lines, in giving the dimension one way, while, in giving the dimension the other way, he ignored the original plan and followed existing street lines.

■ To say the least, the data given by the deed, including its references, applied to the situations to which they relate, casts such uncertainty upon respondent's construction of the deed, as to permit evidence of the words and acts of the parties tending to show the construction they put upon it during the years following its execution.

Thus negative facts, such as absence of any disclosed occasion of the grantors to retain a narrow strip of the vacant lot, the failure to utilize it for any purpose except for ingress and egress, failure to lay out or mark any alley not delimitated by the fence as an existing monument, all become evidential circumstances.

More controlling are positive acts of Miss Hattie Lipscomb, the surviving grantor, continuing from the date of the grant down to her death shortly before this controversy arose, disclosing her assent to the location of the alley immediately south of the fence. Witnesses give evidence of such assent on occasions when persons were purchasing portions of the granted property and erecting their business houses fronting on Tombigbee street.

· Of special significance is the evidence of acquiescence, if not express approval, of the .erection of the brick building by Mr. James extending back to the alley as complainants claim it, and across the alley as respondent now claims it. The municipal assessment on

the grantor's property so as to exclude all below the fence, the break and turns in the curb line for an entrance to the alley, with corrugated finish across the sidewalk, are further corroborative circumstances for complainants.

■ Not to further extend this discussion, we conclude the trial court was entirely correct in sustaining complainants' contention as to the location of this alley.

Much evidence in the record relates to the user of the alley by the public. The nonconfinement of public travel over the vacant lot to any definite space, and indeed the presence of a stone obstructing its use at the west end until removed recently, appears from the weight of the evidence.

This is of no consequence. If the existence of the alley depended upon prescriptive user, it would be quite controlling.

This alley is one of express grant so far as the rights of these complainants go. It is not pretended it has been lost by prescription. That it has been free to their use, and been used at such points as occasion required, is not questioned. Neither is it questioned that, shortly before this bill was filed, the respondent, claiming the location of the alley was further south, proceeded to close the same by obstructions.

Injunction was therefore properly granted.

Affirmed on both direct and cross appeal.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.